**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAR 5 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TRI MINH HUYNH,

        Plaintiff-Appellant,

  v.

WALMART, INC., A Delaware corporation;
DOUG MCMILLON; BRETT BIGGS;
MARC LORE; THE DERUBERTIS LAW
FIRM, APC; DAVID M. DERUBERTIS;
BOFA SECURITIES, INC.; ROBERT F.
OHMES,

        Defendants-Appellees,

 and

WAL-MART.COM USA LLC; RACHEL
BRAND; GREGORY B. PENNER;
TIMOTHY P. FLYNN; S. ROBSON
WALTON; SETH BEAL; VALERIE
RICETTI; AUDREY AU JOULINA;
MELVENIA HA; EUGENE SCALIA;
RYAN CARLTON STEWART; CHRIS
WILSON; SUSANNA G. SCHUEMANN;
MARK MARCHIONE; KARI
DERUBERTIS; KATHY VON LINDERN;
RENEE QUEZADA; ORRICK,
HERRINGTON & SUTCLIFFE LLP;
PAYNE & FEARS LLP; BANK OF

No. 22-16188

D.C. No. 3:22-cv-00142-JSC

MEMORANDUM[*]

---

    [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

AMERICA CORPORATION; MATTHEW
BOYLE,

    Defendants.

Appeal from the United States District Court
for the Northern District of California
Jacqueline Scott Corley, District Judge, Presiding

Submitted February 21, 2024[**]

Before:  FERNANDEZ, CALLAHAN, and NGUYEN, Circuit Judges.

Tri Minh Huynh appeals pro se from the district court's judgment dismissing for failure to state a claim his action brought under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Puri v. Khalsa*, 844 F.3d 1152, 1157 (9th Cir. 2017). We affirm.

The district court properly dismissed Huynh's action because Huynh failed to allege facts sufficient to show that defendants formed an enterprise with a common purpose. *See Odom v. Microsoft Corp.*, 486 F.3d 541, 547, 552 (9th Cir. 2007) (en banc) (setting forth elements of a RICO claim and explaining that "an associated-in-fact enterprise is a group of persons associated together for a

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Huynh's request for oral argument, set forth in the opening brief, is denied.

    22-16188

common purpose of engaging in a course of conduct" (citation and internal quotation marks omitted)); *Howard v. Am. Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000) ("[F]ailure to adequately plead a substantive violation of RICO precludes a claim for conspiracy."); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (conclusory allegations are not entitled to a presumption of truth).

The district court did not abuse its discretion in denying Huynh's motion for reconsideration because Huynh failed to demonstrate any basis for relief. *See Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) (setting forth standard of review and discussing factors for granting a motion for reconsideration under Rule 59(e)); *see also Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (leave to amend may be denied where amendment would be futile).

All pending motions and requests are denied.

**AFFIRMED.**